THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GODFREY JAYSON REDDICK, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>SYMPHONY DIAGNOSTIC SERVICES NO. 1, INC., d/b/a MOBILEXUSA, LLC, AMERICAN DIAGNOSTICS SERVICES, INC., and TRIDENTUSA HEALTH SERVICES, LLC,<br><br>        Defendants. | Case No. 1:16-CV-9959<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Named Plaintiff, GODFREY JAYSON REDDICK ("Jayson Reddick" or "Plaintiff"), individually and on behalf of all other similarly situated employees, by and through his counsel, Stephan Zouras, LLP, brings his claims as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and a class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1. *et seq*., against SYMPHONY DIAGNOSTIC SERVICES NO. 1, INC., d/b/a MOBILEXUSA, LLC, AMERICAN DIAGNOSTICS SERVICES, INC., and TRIDENTUSA HEALTH SERVICES, LLC (collectively, "Defendants"), and alleges upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

1

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b).

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants operate within this district and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this district.

## PARTIES

6. Named Plaintiff, Jayson Reddick, is a resident of Illinois who worked for Defendants as a non-exempt mobile ultrasound technologist during the applicable statute of limitations period. Jayson Reddick was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and under Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/3(d).

7. Plaintiff brings this case on behalf of himself and other similarly situated employees who currently work, or who worked as mobile ultrasound technologists, sonographers, ultrasound technicians or any other similarly titled position (hereinafter referred to as "technicians") at any time during the applicable statutory periods for the Defendants.

8. Pursuant to 29 U.S.C. §216(b) of the FLSA, Plaintiff's written consent to become a party plaintiff is attached hereto as "Exhibit A."

9. Defendant SYMPHONY DIAGNOSTIC SERVICES NO. 1, INC., d/b/a MobilexUSA, LLC is "America's leading provider of mobile imaging services," employing over 1,200 licensed technologists and sonographers who provide patient care through "digital radiography, ultrasound, electrocardiogram, and other Mobile Clinical Services 24 hours a day."

10. At all times relevant to the Complaint, Defendant AMERICAN DIAGNOSTICS SERVICES, INC., employed mobile technicians and worked with MOBILEXUSA, LLC and TRIDENTUSA HEALTH SERVICES, LLC, in providing patient care.

11. Defendant TRIDENTUSA HEALTH SERVICES, LLC, is the "leading national provider of bedside diagnostics, laboratory services and hospice care in the United States". Defendant TRIDENTUSA HEALTH SERVICES, LLC, is the parent company of Defendant MOBILEXUSA, LLC.

12. At all relevant times to the Complaint, Defendants were "employers" within the meaning of 29 U.S.C. §203(d) of the FLSA and under the IMWL, 820 ILCS §105/3(c).

## FACTUAL ALLEGATIONS

13. Named Plaintiff and class members are individuals who have worked for Defendants as mobile ultrasound technologists, sonographers, ultrasound technicians or other similarly titled positions during the applicable statutory period.

14. Named Plaintiff and class members all shared similar job titles, training, job descriptions, job requirements, timekeeping practices and compensation plans, amongst other similarities.

15. Named Plaintiff and class members were classified by Defendants as non-exempt under the FLSA and paid an hourly rate.

16. Defendants managed Plaintiff's and class members' work, including the amount of hours they worked. Defendants dictated, controlled and ratified the wage and hours and all related employee compensation policies.

17. Named Plaintiff and class members routinely worked in excess of forty (40) hours per week.

18. Despite the requirement to do so, Defendants failed to keep accurate records of all the time actually worked by Plaintiff and class members.

19. Defendants failed to pay Plaintiff and class members for all overtime hours worked, at a rate of one and one half times their regular rate of pay.

20. Pursuant to its common scheme, Defendants required, encouraged and/or permitted Plaintiff and class members to work before and after their scheduled shifts: checking and reviewing their daily assignments; mapping routes from their home to their first assignment; loading and unloading their vehicles with the ultrasound machine and other equipment; pre-calling patients; providing estimated times of arrival "ETAs"; filling out timesheets; completing patient care documentation and uploading the documents to the server; and performing other work that was not recorded or paid by Defendants.

21. Defendants required the Plaintiff and similarly situated class members to log into the company owned vehicle's global positioning system ("GPS") before driving to the first job of the day by entering their unique employee identification number. Plaintiff and similarly situated class members were required to log out of the vehicle's GPS system after finishing their last job in the field. The GPS information provided Defendants with, *inter alia*, the location of the vehicle, access to the vehicle's speedometer, distance traveled and duration of login.

22. Defendants also required Plaintiff and similarly situated class members to record their time in an ADP timekeeping program.

23. Pursuant to its common scheme, Defendants deducted forty-five minutes from the named Plaintiff's and other technicians' time records for time spent travelling to the first job each day, regardless of the actual time spent travelling and despite the fact that Plaintiff and other technicians had already begun work before leaving home.

24. As a result of the above, Plaintiff and other technicians were not paid for time worked at home before and after the start of their shifts and subjected to improper deductions of 45 minutes of time per day.

25. Defendants knew, or were aware at all times, of the above mentioned violations.

26. The conduct alleged above was for the benefit of the Defendants and reduced Defendants' labor and payroll costs.

27. Plaintiff and class members were subjected to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of wages and overtime compensation.

28. Defendants' improper and willful failure to pay wages and overtime compensation to Plaintiff and class members was done without good faith and with a reckless disregard for their rights.

29. As a result of these violations, Plaintiff and class members suffered lost wages and other damages.

## COLLECTIVE ACTION ALLEGATIONS

30. Named Plaintiff, Jayson Reddick, brings this case as a collective action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages,

5

unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

32. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and the following class of persons:

> All individuals who were employed, or are currently employed, by the Defendants as mobile ultrasound technologists, sonographers, ultrasound technicians or any other similarly titled position at any time from three (3) years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

32. Plaintiff and members of the FLSA Class are similarly situated with respect to job title, job description, training requirements, job duties, Defendants' failure to pay overtime compensation for work completed before logging into the vehicle's GPS device or work completed after logging out of the vehicle's GPS device, Defendants' policy to deduct time worked by forty-five minutes for time spent travelling to see patients, time spent working off the clock without pay, and the wage and hour violations alleged in this Complaint.

33. Defendants knew that Plaintiff and other similarly situated employees performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive Plaintiff and members of the FLSA Class of overtime compensation by failing to properly compensate them for all time actually worked.

34. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other similarly situated employees.

35. Defendants are liable under the FLSA for failing to properly compensate the Named Plaintiff and the collective class. Plaintiff request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

36. Plaintiff estimates that there are over 300 members of the collective class. The precise number of collective class members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail and email.

## CLASS ACTION ALLEGATIONS

37. Named Plaintiff bring claims for relief on his own and as a class action pursuant to Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure. The class is defined as:

> All individuals who were employed, or are currently employed by the Defendants as mobile ultrasound technologists, sonographers, ultrasound technicians or any other similarly titled position in the state of Illinois at any time from three (3) years prior to the filing of this action to the entry of judgment.

38. This action is properly maintainable as a class action under the FRCP because:

    a. The class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the class;

    c. The claims or defenses of the Named Plaintiff is typical of the claims or defenses of the class; and

    d. The Named Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

39. On information and belief, the total number of putative class members represents over 40 members. The exact number of class members may be determined from Defendants' records.

### Commonality

40. There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

    a. Whether Defendants failed to keep true and accurate time records for all hours worked by the class members;

  b. Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

  c. Whether Defendants encouraged Plaintiffs to work before the start of their scheduled shifts without pay;

  d. Whether Defendants made improper deductions from Plaintiff and class members' time records;

  e. Whether Defendants failed to compensate class members for all work performed in excess of 40 hours per work week with overtime premium wages;

  f. Whether the Defendants willfully failed to comply with state wage and hour laws; and

  g. Whether Defendants failed to pay class members all compensation rightfully owed.

41. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

<u>**Adequacy**</u>

42. The Named Plaintiff will fairly and adequately protect the interests of the class. He has retained experienced counsel that are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

<u>**Typicality**</u>

43. The claims asserted by the Named Plaintiff are typical of the class members he seeks to represent. The Named Plaintiff has the same interest and suffered from the same injuries as the class members.

44. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

<u>**Common Questions of Law and Fact Predominate and a Class Action is**</u>

**Superior to Joinder of Claims or Individual Lawsuits**

45. The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendant's alleged underlying activities and impact of their policies and practices affected class members in the same manner: they were subjected to a policy of suffering work without pay and improper deductions.

46. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiff to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiff reasserts and re-alleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

48. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

49. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce or in the production of goods for commerce.

50. At all times relevant to this action, Plaintiff and other similarly situated employees have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

51. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

52. Plaintiff and other similarly situated employees regularly worked in excess of 40 hours per week for the Defendants, but were not properly paid overtime wages.

53. By the above-alleged conduct, Defendants have violated the FLSA by failing to properly pay Plaintiff and members of the FLSA Class overtime compensation as required.

54. Defendants also willfully failed to pay wages and overtime pay to Plaintiff and other similarly situated employees by failing to maintain accurate records of all the time actually worked to avoid paying them overtime wages and benefits.

55. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to Plaintiff or other similarly situated employees because they have not met the requirements for coverage under the exemptions.

56. Plaintiff and other similarly situated employees are victims of a uniform, company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

57. Defendants have acted willfully and have either known that the company's conduct violated the FLSA, or has shown reckless disregard whether its conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the FLSA, Defendants are liable to Plaintiff and other similarly situated employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

59. Plaintiff and class members are also entitled to injunctive relief to prevent Defendants from continuing its violations of the FLSA and other appropriate class-wide injunctive relief.

## COUNT II

### VIOLATION OF ILLINOIS MINIMUM WAGE LAW

60. Plaintiff reasserts and re-alleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

61. Plaintiffs are members of a class that meet the requirements for certification and maintenance of a class action pursuant to Rule 23.

62. Defendants are "employers" and Plaintiff and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq*.

63. The IMWL, 820 ILCS § 105, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

64. Defendants violated IMWL, 820 ILCS §§105 *et seq.*, by regularly and repeatedly failing to properly compensate Plaintiff and class members for the actual time they worked each week.

65. Defendants violated IMWL, 820 ILCS §§105 *et seq.*, by failing to maintain accurate records of all hours worked by Plaintiff and class members.

66. Defendants also failed to pay overtime pay and other benefits to Plaintiff and class members.

67. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

68. Plaintiff and class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

### **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff, Godfrey Jayson Reddick, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendants and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent and duration of the damages, costs of this action, and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names, addresses, telephone numbers and email addresses of all mobile ultrasound technologists, sonographers, ultrasound technicians or any other similarly titled position who currently work or who have worked for Defendants within the last three years;

B. Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all current and former mobile ultrasound technologists, sonographers, ultrasound technicians or any other similarly titled position employed by the Defendants during the three years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their legal right to opt-in to this lawsuit if they failed to receive compensation for hours worked off the clock, for which they were not paid the FLSA-required overtime or were subject to Defendants' practice of reducing hours worked by forty-five minutes;

C. Certify a class for Count II, of all individuals who were employed, or are currently employed by the Defendants as mobile ultrasound technologists, sonographers, ultrasound technicians or any other similarly titled position in the state of Illinois at any time during the relevant statute of limitations period;

D. Appoint Stephan Zouras, LLP as counsel for the Plaintiff;

E. Declare and find that Defendants committed one or more of the following acts:

    i.    violated provisions of the FLSA by failing to pay regular wages and overtime wages to Plaintiff and similarly situated persons who opt-in to this Action;

    ii.    willfully violated provisions of the FLSA; and

    iii.    violated the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.,* by failing to pay overtime wages to Plaintiff and class members

F.  Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

G.  Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H.  Award all costs, attorneys' fees incurred in prosecuting this action, as well as liquidated damages under the FLSA;

I.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J.  Grant leave to amend to add claims under applicable state and federal laws; and

K.  For such further relief as the Court deems just and equitable.

Plaintiff hereby demands a trial by jury.

Dated: October 24, 2016     Respectfully Submitted,

/s/ Ryan F. Stephan
Ryan F. Stephan
James B. Zouras
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
www.stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on October 24, 2016, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                               */s/ Ryan F. Stephan*