## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GODFREY JAYSON REDDICK, on behalf of himself, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 16-CV-9959 |
| v. | )<br>)<br>) |
| SYMPHONY DIAGNOSTIC SERVICES NO. 1, INC., d/b/a MOBILEXUSA, LLC, AMERICAN DIAGNOSTICS SERVICES, INC., and TRIDENTUSA MOBILE CLINICAL SERVICES, LLC | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND FOR NOTICE TO THE CLASS

Plaintiff, Godfrey Jayson Reddick, individually and on behalf of all other eligible opt-in Plaintiffs (collectively "Plaintiffs"),[1] and Defendants, Symphony Diagnostic Services No. 1, LLC, d/b/a MobilexUSA, American Diagnostics Services, Inc. and TridentUSA Mobile Clinical Services, LLC (collectively "Defendants") by their respective counsel, hereby jointly seek approval of the parties' Settlement Agreement and Release of Claims ("Agreement") and to facilitate Notice to the class pursuant to §216(b) of the FLSA. The parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the

---

[1] The possible class consists of a total of twenty-three individuals (including the Named Plaintiff) who were employed, or are currently employed, by Defendant American Diagnostics Services, Inc. in Illinois and/or Wisconsin as mobile ultrasound technologists, sonographers, ultrasound technicians, or any other similarly-titled position at any time from October 2013 to the present time. Only those individuals who timely submit an opt-in form will be part of the lawsuit and subject to the release of claims as described in the Agreement as well as in the Notice. All individuals who choose not to opt-in will retain all legal rights to pursue their own independent action against any of the Defendants.

parties with respect to liability and damages and further state as follows:

## I.    PROCEDURAL HISTORY

On October 24, 2016, Plaintiff filed the original complaint as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and as a class action under Federal Rules of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1, *et seq.*, against Symphony Diagnostic Services No. 1, LLC, d/b/a MobilexUSA,[2] American Diagnostics Services, Inc., and TridentUSA Mobile Clinical Services, LLC,[3] alleging he, as well as other similarly-situated employees, were not paid for all actual hours worked, including overtime for time worked in excess of forty (40) hours per week.  Plaintiff sought unpaid wages, including overtime, liquidated damages, statutory penalties, attorneys' fees and costs, and other relief.  *See* Dkt. No. 1.

On November 15, 2016, Defendants filed a Rule 68 Offer of Judgment.  *See* Dkt. No. 7.  That same day, Defendants also filed a Motion to Deposit Funds.  *See* Dkt. No. 9.  On November 21, 2016, Plaintiffs filed a Motion for Conditional Certification and Request for Discovery on Certification Issues.  *See* Dkt. No. 15.  On December 2, 2016, Plaintiff filed a response in opposition to Defendants Motion to Deposit Funds.  *See* Dkt. No. 22.  However, on December 8, 2016, Defendants filed a Motion to Withdraw Their Pending Motion to Deposit Funds (*See* Dkt. No. 25) which was granted on December 13, 2016.  *See* Dkt. No. 27.  Finally, on January 11, 2017, the parties filed a Joint Motion to Stay All Proceedings to Allow Settlement Discussions.  *See* Dkt. No. 33.  This Court granted the Joint Motion to Stay on January 17, 2017.  *See* Dkt. No.

---

[2] Upon information and belief, this Defendant was incorrectly identified as Symphony Diagnostic Services No. 1, Inc. d/b/a MobilexUSA, LLC.

[3] On November 9, 2016, Plaintiff filed an amended Collective and Class Action Complaint correcting the name of Defendant TridentUSA Mobile Clinical Services, LLC which was previously identified as TridentUSA Health Services, LLC.  *See* Dkt. No. 4.

2

35.

Over the last few weeks, the parties, who are represented by experienced counsel, engaged in comprehensive settlement discussions to narrow the disputed issues, agree upon a reasonable gross settlement amount, and formulate a plan for allocation. While Plaintiff believed his claims for unpaid wages were strong, he recognized that a complete victory on every aspect of his claim, including the proper measure of damages, was far from certain. The parties also took into account the costs and risks associated with further litigation, and the benefits, certainties and judicial economies associated with resolving a complex case before dispositive motion practice and possible trial. As a result, the parties have concluded, based on their investigation conducted in this case, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the lawsuit through trial, the risks and costs of further prosecution of the lawsuit, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to their Agreement, that a settlement on an opt-in basis and the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the parties.

## II. STANDARD GOVERNING MOTIONS TO APPROVE FLSA SETTLEMENTS

In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at \*6 (N.D. Ill. Nov. 7, 2001). An employee may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must

scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

### III.     ARGUMENT

The settlement reached by the parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA and any remaining disputes between the parties. The agreement reached is the result of extensive negotiations between the parties to resolve this matter. The settlement figures agreed upon bear a reasonable and fair relationship to the amounts alleged by the Plaintiff, and also take into account the specific risks and uncertainties associated with this litigation. The Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients.

#### A.     Bona Fide Disputes Exist

The settlement of the instant action involves a *bona fide* dispute. The IMWL and FLSA require payment of all earned wages, including overtime compensation for all hours worked in excess of 40 hours per week. 820 ILCS 105/4(a); 29 U.S.C. §207(a); 29 C.F.R. §778.101. Plaintiff claims that Defendants violated the FLSA and the IMWL by failing to pay him and other mobile ultrasound technologists, sonographers, ultrasound technicians and other similarly-titled positions for all work they were required or suffered to perform, including overtime compensation for all hours worked in excess of 40 hours per work week. Defendants denied the allegations. Defendants assert that Plaintiff maintained his own time records, submitted weekly

4

time records, attesting to their accuracy, and was properly paid for all hours worked, including overtime. Defendants assert that travel time to and from work is not compensable. Defendants maintained that they provided sufficient payment to Plaintiff and all others similarly situated to him. Had Plaintiff prevailed on his motions for conditional certification, class certification, and summary judgment or at trial, Defendants would ultimately be faced with a monetary decision in favor of Plaintiff, as well as an obligation to pay legal fees and costs incurred. If Defendants prevailed, Plaintiff would not recover any damages or attorneys' fees and costs, and Defendants would seek the recovery of certain statutory costs. In sum, the Court could have ruled for or against either side, or find that disputed factual issues were present necessitating a trial.

### B. The Settlement is Fair and Reasonable

In determining whether a settlement is fair and reasonable, courts have considered non-exclusive factors such as: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiffs to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011).

The parties' settlement is fair and reasonable and meets all applicable factors considered by courts. The settlement appropriately factored in the complexity, risk, expense, likely duration of the litigation and the range of reasonableness of the settlement fund in light of the best possible recovery. *See* Ex. A (Settlement Agreement and Release).

Moreover, the settlement is appropriate at this stage of the proceedings. Aside from Plaintiff's independent investigation, the parties have exchanged and reviewed documents relating to policies and procedures, payroll and time keeping data, other electronically stored information (ESI), and other information. The parties engaged in a substantial investigation, which included remaining abreast of any changes in this ever-evolving and highly-nuanced area of the law. Plainly, the parties had more than sufficient information to assess the risks of assessing liability and damages.

Additionally, the settlement is well within the range of possible recovery. As in all wage and hour claims, particularly in the collective action context, the nature and amount of recoverable damages was uncertain. Even if a trier of fact ultimately found liability, a range of possible damages existed depending on factors including, but not limited to, the parties and their witnesses' credibility, the limitations in the available data tracking work performed, the applicable statute of limitations, and Defendants' knowledge, willfulness and good faith. Taking these considerations into mind, the amount of the settlement is appropriate in relation to the potential recovery and risks.

The settlement is based on the number of weeks worked by eligible individual opt-in Plaintiffs during the class period and accounts for 2947 workweeks at issue. The amount includes an additional $10,000.00 service payment to the Named Plaintiff, who personally devoted considerable time and expense to the prosecution of the lawsuit and took certain risks in coming forward. Godfrey Jayson Reddick's personal efforts helped achieve a significant result.

Based on the aforementioned factors, the parties conclude that a settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, in the best interests of the

parties, and not worth the costs and risks associated with a trial. Additionally, the parties have agreed that Defendants will pay Plaintiff's counsel $69,123.00 in attorneys' fees and recoverable costs, a sum consistent with the attorney-client agreement executed by the Named Plaintiff. The parties agree this amount is a more than reasonable and fully-warranted fee under the circumstances in light of the risks taken, significant time expended, and benefits to the Plaintiffs.

## IV.     SETTLEMENT APPROVAL PROCEDURE

The Agreement requires the occurrence of all the following events: (a) execution of the Agreement by the parties; (b) submission of the Agreement by the parties to the Court for preliminary approval of an FLSA settlement; (c) entry by the Court granting preliminary approval of the Agreement under FLSA Section 216(b); (d) Court approval of the method of distribution and the form and content of the Notice of the settlement; and, (e) filing of a joint motion for final approval along with the Court-approved settlement administrator's declaration that the Notice to the settlement class has been disseminated in accordance with the Court's Order. Upon final approval by the Court, the lawsuit will be dismissed. The dismissal will initially be without prejudice but will automatically convert to a dismissal with prejudice after thirty (30) days if no motion to reinstate has been filed. Defendants agree that within seven (7) days after the Court's final approval, Defendants shall issue payments in accordance with the Agreement.

## V.     PLAN OF SETTLMENT ADMINISTRATOR

The parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement. Within seven calendar days after the Court grants preliminary approval of the Agreement described herein, Defendants shall provide the settlement administrator and

7

Plaintiff's Counsel with a list of the twenty-two Class Members and their last know home address and email address, if known, according to Defendants' business records.

Within ten calendar days after receiving the above-mentioned list of Class Members, the settlement administrator shall send the Notice attached hereto as Exhibit B to the Class Members via first class U.S. mail, postage prepaid. If any mailing is returned as undeliverable with an indication of a more current address, the settlement administrator will mail the Notice to the new address. If any such mailing is returned as undeliverable without any indication of a more current address, the settlement administrator will undertake reasonable efforts to identify a current address and, if one is identified, will mail the Notice to the new address. Additionally, within three days of a request from the settlement administrator, Defendants will provide the settlement administrator with social security numbers to assist in locating Class Member addresses.

Class Members who want to participate in the settlement must opt-in by following the instructions on the Notice. To be valid, the opt-in forms must be filled out, signed, and mailed to the settlement administrator whose address is listed on the Notice, post-marked by the date specified in the Notice (45 calendar days after the initial mailing of the Notice). Within three business days after receiving an opt-in form, the settlement administrator shall provide counsel for the parties via electronic mail the executed opt-in form for purposes of filing the forms with the Court. The settlement administrator shall retain the opt-in forms and the envelopes showing the postmark of the form and permit inspection and copying of the same by counsel for the parties at their request. Opt-in forms shall be disregarded if they are not post-marked on or before the applicable deadline. Class Members who do not submit a timely and valid opt-in form in the manner described herein shall not be deemed bound by this Agreement and shall not

8

be affected by it. No later than ten calendar days after the opt-in deadline, the settlement administrator shall provide the parties with a declaration that includes a complete list of all individuals who have timely opted into the settlement.

## VI. PROPOSED NOTICE IS FAIR AND ADEQUATE

Collective "opt-in" actions depend on "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989). Supervised notice also prevents "misleading communication." *Id*. at 172.

The proposal for notice to potential opt-in Plaintiffs meets the requirements of "timeliness, accuracy and information." *Id.* (*See* Exhibit B – Notice Regarding Proposed Settlement of Collective Action). The proposed Notice informs similarly-situated employees of this action and gives them the opportunity to join. It also accurately describes their legal claims, their rights and their options. Finally, the Notice provides clear instructions on how to "opt-in" to the lawsuit and sets forth the prohibition against any retaliation for participating in the settlement.

The parties propose that the Notice Regarding Proposed Settlement of Collective Action form be sent via first class U.S. mail to the 22 individuals who were employed, or are currently employed, by American Diagnostics Services, LLC in Illinois and/or Wisconsin as mobile ultrasound technologists, sonographers, ultrasound technicians, or any other similarly-titled position at any time from October 2013 to the present time. The parties request that potential opt-in Plaintiffs interested in participating in this lawsuit be provided with forty-five days from the date of mailing to "opt-in" to this case. The parties' proposed Notice is fair and accurate

and should be approved for immediate distribution.

## VII. MOTION FOR FINAL APPROVAL

At least seven (7) calendar days prior to the Final Approval Hearing, the parties shall file with the Court: (a) a joint motion for final approval of settlement; and (b) a copy of the administrator's declaration. At the Final Approval Hearing, the parties will ask the Court to finally approve the Agreement, approve the amounts allocated for Class Counsel's fees and costs and the enhanced award for the Named Plaintiff, and dismiss the case. Counsel for the parties shall jointly present the Court with a proposed Final Judgement and Final Approval Order to accomplish that purpose.

## VIII. CONCLUSION

For all the above reasons, the parties respectfully request an order: (1) granting preliminary approval of the Agreement; (2) approving the method of distribution and the form and content of the Notice; and (3) setting a date for the Final Approval Hearing.

Dated: April 7, 2017  Respectfully submitted,

*s/ Andrew C. Ficzko*
Andrew C. Ficzko
Ryan F. Stephan
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Tel. 312-233-1550
aficzko@stephanzouras.com

*Attorneys for Plaintiffs*

*s/ Larry Besnoff*
Larry Besnoff
Obermayer Rebmann Maxwell & Hippel LLP
CENTRE SQUARE WEST
1500 Market Street, Suite 3400

10

Philadelphia, PA 19102
Tel. 215-665-3126
Larry.besnoff@obermayer.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on April 7th, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

*/s/ Andrew C. Ficzko*

12